[Cite as *State v. Maddox*, 2017-Ohio-8061.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105140**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DRESHAWN D. MADDOX

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-15-594546-A, CR-15-596664-B, and CR-16-605913-A

**BEFORE:**  Keough, A.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:**  October 5, 2017

**ATTORNEY FOR APPELLANT**

James J. Hofelich
614 W. Superior Avenue, Suite 1310
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

By:   Ashley B. Kilbane
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, A.J.:

{¶1} Defendant-appellant, Dreshawn D. Maddox, appeals the trial court's decision denying his presentence motion to withdraw plea and sentence. For the reasons that follow, we affirm.

{¶2} In April 2015, Maddox was named in a three-count indictment filed in Case No. CR-15-594546 charging him with one count each of drug trafficking, drug possession, and possessing criminal tools. Subsequently in July, Maddox was charged under Case No. CR-15-596664 with two counts of felonious assault with one- and three-year firearm specifications; two counts of attempted felonious assault with one- and three-year firearm specifications, and one count of carrying concealed weapons. In March 2016, Maddox was named in a four-count indictment filed in Case No. CR-16-605913 charging him with two counts of drug possession, and one count each of theft and falsification. At the time the indictments were filed, Maddox was currently on probation in Case No. CR-14-586601 for the offense of attempted receiving stolen property.

{¶3} On June 14, 2016, Maddox pleaded guilty in CR-16-605913 to drug possession and falsification. He was referred to probation for the preparation of a presentence investigative report, and a drug, alcohol, and mental health assessment.

{¶4} On June 21, 2016, trial was scheduled to begin in CR-15-594546 and CR-15-596664. The state presented Maddox two options for a packaged plea deal on both cases — the first option was to plead guilty to one count of attempted felonious

assault with the one-year firearm specification and the carrying a concealed weapon charge in CR-15-596664, and in CR-15-594546 plead to an amended charge of attempted drug trafficking; the second option was to plead guilty to one count of felonious assault and the carrying a concealed weapon charge with the understanding that prison time would be imposed, and plead guilty to an amended charge of attempted drug trafficking in CR-15-594546. The trial court explained to Maddox that even if the prosecution recommended a certain sentence, the court was not bound to that sentence; the decision would be made after hearing from both parties and reviewing all mitigation reports.

{¶5} After extensive discussions and a recess, Maddox chose the first option — to plead guilty in CR-15-596664 to attempted felonious assault with the one-year firearm specification, and carrying a concealed weapon and attempted drug trafficking in CR-15-594546. After fully complying with Crim.R. 11, the court noted on the record that the state recommended concurrent sentences. Maddox agreed that no threats or promises were made, including any particular sentence. Additionally, he did not have any questions regarding the potential penalties. The trial court continued the matter for sentencing.

{¶6} On August 11, 2016, Maddox appeared for sentencing on all three of his cases and for a probation violation hearing on an unrelated matter. The court noted that it had received a presentence investigation report, mental health assessment and report from the court's psychiatric clinic, and a TASC assessment. Additionally, the court noted that it received two letters from Maddox. The first letter indicated that he wished

to withdraw his plea on the attempted felonious assault and carrying concealed weapons case because he was scared when he entered his plea and because he wanted to prove his actual innocence. In the second letter, Maddox indicated that he wanted to keep his guilty plea in tact, but mentioned Case No. CR-15-594546, which was the drug offense case. Although Maddox only wished to withdraw his plea on the felonious assault case, the state argued that because the plea was a package deal with Case No. CR-15-594546, if the court was going to grant the motion, the court should withdraw the plea on both cases.

{¶7} Maddox acknowledged that he entered a plea on the offenses, but stated he changed his mind because he was innocent. He reassured the court that he made this decision on his own and while he spoke with his family, no one influenced or encouraged him to withdraw his plea. The trial court continued the matter to review the transcript from the plea hearing.

{¶8} At the September hearing, the state advised the court that since the last hearing, it reviewed Maddox's taped jailhouse phone calls, and stated that immediately following the June 21 plea hearing, Maddox called his girlfriend and told her that he took a plea deal and relayed the specifics to her. Later he called his friend, who was not supportive of Maddox's decision to "cop" out. In another call, he spoke to his cousin who explained to him that he needed to withdraw his plea and just wait it out to see if the victim showed up for trial. Additionally, his cousin asked for the names of the victims.

{¶9} Maddox explained to the court that he felt coerced with the package deal and that he "copped out" after hearing all the years in prison he could receive if he went to

trial. Then upon reflection, he felt that he should not have to plead if he was innocent. The court noted that based on the arguments and the phone calls, Maddox's motivation for withdrawing his plea was not based on a misunderstanding of the risks and nature of the offenses, but rather a change of heart. Nevertheless, because the report prepared by the psychiatric clinic indicated that Maddox suffered from an intellectual disability, the court ordered that Maddox undergo a competency evaluation to stand trial. The court again continued the matter, but also set the cases for sentencing.

{¶10} On October 11, 2016, the court noted that Maddox was found competent to stand trial, capable of assisting counsel in his defense, and understood the nature and objectives of the legal proceedings against him. After the parties stipulated to the report, the court accepted the psychiatric evaluations and conclusions, noting that if Maddox was placed on community control sanctions, he would be eligible for the court's mental health docket. With these findings, the court denied Maddox's motion to withdraw his plea, concluding that Maddox merely had a change of heart.

{¶11} The court sentenced Maddox in CR-15-596664 to one-year on the firearm specification to be served prior and consecutive to 36 months on the attempted felonious assault charge, but concurrent to a sentence of 18 months for the offense of carrying a concealed weapon. In CR-15-594546, Maddox was sentenced to 180 days in jail on the attempted drug trafficking offense. In CR-16-605913, Maddox was sentenced to 12 months on the drug possession charge concurrent with 180 days on the falsification

offense. The court ordered all sentences imposed on each case to run concurrent for a total sentence of 4 years.

{¶12} Maddox appeals, raising two assignments of error.

## I. Withdraw of Plea

{¶13} In his first assignment of error, Maddox contends that the trial court abused its discretion when it denied his motion to withdraw his plea. He argues that he was denied effective assistance of counsel because counsel did not order a psychological evaluation until after his plea, thus failing to recognize Maddox's intellectual disorder. Maddox also contends that he wanted to withdraw his plea to prove his innocence. Finally, Maddox contends his plea should have been withdrawn because of his various mental disorders.

{¶14} We initially note that the offenses indicted under CR-16-605913 were not part of any package plea deal where his plea in that case would have been affected by Maddox's motion to withdraw his plea. Additionally, Maddox did not seek to withdraw his plea in CR-16-605913 and the state did not contend that the plea in this case should be considered when ruling on Maddox's motion. Finally, no argument has been raised on appeal regarding the plea in this case. Accordingly, Maddox's conviction in CR-16-605913 is summarily affirmed.

{¶15} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court

after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶16} In general, "a presentence motion to withdraw a guilty plea should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." *Id.* at paragraph one of the syllabus.

{¶17} The decision to grant or deny a presentence motion to withdraw is within the trial court's discretion. *Id.* at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id.* at 527. An abuse of discretion requires a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A trial court does not abuse its discretion in denying a motion to withdraw the plea where a defendant was (1) represented by competent counsel, (2) given a full Crim.R. 11 hearing before he entered a plea, (3) given a complete hearing on the motion to withdraw, and (4) the record reflects that the court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

{¶18} Maddox's presentence motion to withdraw his guilty plea was based on a claim that he wanted to prove his actual innocence. When faced with a claim of

innocence, "'the trial judge must determine whether the claim is anything more than the defendant's change of heart about the plea agreement.'" *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 27, quoting *State v. Kramer*, 7th Dist. Mahoning No. 01-CA-107, 2002-Ohio-4176, ¶ 58. A mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea. *State v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, citing *State v. Drake*, 73 Ohio App.3d 640, 645, 598 N.E.2d 115 (8th Dist.1991). Likewise, a defendant's protestations of innocence are not sufficient grounds for vacating a plea that was voluntarily, knowingly, and intelligently entered. *Minifee*, citing *State v. Bloom*, 8th Dist. Cuyahoga No. 97535, 2012-Ohio-3805, ¶ 13.

{¶19} On review, the record shows that Maddox was represented by competent counsel, who advocated for his client during the plea process by expressing concern and objecting to the state's proposed package plea deal, contending that it was unconstitutional. Moreover, counsel presented mitigating evidence and argument during sentencing. Insofar as Maddox contends his plea should be vacated because he was denied effective assistance of counsel, we find that Maddox has failed to demonstrate how his trial counsel's performance was deficient or that he would not have pleaded guilty.

{¶20} A plea will not be considered voluntary if it is the result of ineffective assistance of counsel. *State v. Banks*, 9th Dist. Lorain No. 01CA007958, 2002-Ohio-4858, ¶ 16. In order to prevail on this claim, Maddox must meet the test for

ineffective assistance of counsel. *Xie*, 62 Ohio St.3d at 524, 584 N.E.2d 715. This requires a convicted defendant to prove two things — counsel's performance was deficient and the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The claim fails if the defendant cannot satisfy either prong of the test. *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989).

{¶21} Where a defendant challenges trial counsel's performance in connection with a guilty plea, the defendant can establish the prejudice necessary for an ineffective assistance of counsel claim only by demonstrating that there is a reasonable probability that, but for counsel's deficient performance, he would not have pled guilty to the offense at issue and would have insisted on going to trial. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *Xie* at 62, and *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *State v. Wright*, 8th Dist. Cuyahoga No. 98345, 2013-Ohio-936, ¶ 12.

{¶22} On appeal, Maddox contends that his counsel was ineffective for failing to recognize that Maddox suffered from mental disorders and should have requested a psychiatric evaluation prior to the entering into a plea. Maddox maintains that this failure by counsel deprived him of the ability to effectively communicate with his attorney about the plea agreement. There is nothing in the record demonstrating that counsel should have been aware that an evaluation was necessary. Even though Maddox

was being evaluated for a mental health assessment in another case, the assessment was requested for mitigation purposes at sentencing.

{¶23} Moreover, if the assessment results would have revealed that Maddox was unable to assist in his defense, was not competent to stand trial, or was suffering from a mental health disorder that prevented him from appreciating and understanding the legal proceedings and charges, then the trial court may have allowed Maddox to withdraw his plea. However, the assessment did not yield such revelations. Accordingly, Maddox cannot demonstrate that counsel was deficient under these circumstances, thus failing to establish the second prong of the *Strickland* test.

{¶24} Considering the other *Peterseim* factors, the record shows that Maddox was given a full hearing in compliance with Crim.R. 11 before entering his plea. At the plea hearing, the court conducted an extensive inquiry of Maddox to ensure that he understood the charges against him and the maximum penalties, including that even if a sentence was recommended, the court was not bound by that recommendation. The court also advised him of the effect of his guilty pleas and the rights he was waiving by pleading guilty. Additionally, the record demonstrates that Maddox's intellectual disability did not affect his ability to enter a knowing, intelligent, and voluntary plea. At no time did Maddox convey to the court that he did not understand the proceedings. In fact, he stated that he understood the plea agreement, the potential sentence, and the rights he was waiving. Finally, Maddox has made no argument that his pleas in his other cases were involuntary because of any mental disorder.

**{¶25}** The record further demonstrates that the trial court gave Maddox a complete and impartial hearing on his presentence motion to withdraw his guilty plea and gave full and fair consideration to the arguments raised in support of his motion. The court conducted the hearing over the course of three days, ordered psychiatric evaluations, and considered written memorandums, thus evidencing a complete and impartial hearing.

**{¶26}** After listening to the state's response and reviewing the jailhouse-taped phone calls, the trial court reiterated what occurred during the plea colloquy. It noted that the arguments Maddox made in support of withdrawing his plea were raised at the same time Maddox changed his plea to guilty, the same day that Maddox's case was set for trial. The trial court could only conclude that Maddox had a change of heart after speaking with his girlfriend, his friend who was not supportive of him "copping out," and his cousin who told him to withdraw his plea because the victim was not coming to court.

**{¶27}** We find no abuse of discretion in the trial court's decision. Maddox's arguments in his presentence motion to withdraw his plea and on appeal are not sufficient to warrant the withdrawal of his knowing, voluntary, and intelligent guilty pleas in these cases. Accordingly, the assignment of error is overruled.

## II. Maximum Sentence

**{¶28}** In Case No. CR-15-596664, Maddox was sentenced to one-year on the firearm specification, to be served prior to and consecutively with the maximum sentence of 36 months on the attempted felonious assault, for a total of 4 years in prison. In his second assignment of error, Maddox contends that the maximum sentence is contrary to

law and not warranted because (1) the trial court did not find that Maddox's conduct was the worst form of the offense, and (2) the state was recommending only a 21 month sentence, which he anticipated.

{¶29} Appellate review of felony sentences is governed by R.C. 2953.08, which provides that when reviewing felony sentences, this court may increase, reduce, modify a sentence, or vacate and remand for resentencing if we clearly and convincingly find that the record does not support the sentencing court's statutory findings, if applicable, or the sentence is contrary to law. R.C. 2953.08(G)(2).

{¶30} Contrary to Maddox's assertion, the trial court is no longer required to give findings prior to imposing a maximum sentence. That requirement was removed by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and not revived by the Ohio General Assembly. *See State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 1. Therefore, the trial court was not required to make any finding that Maddox's conduct was the worst form of the offense. Moreover, Maddox has failed to show by clear and convincing evidence that the record does not support his sentence. *See State v. Malenda*, 8th Dist. Cuyahoga Nos. 104736 and 104829, 2017-Ohio-5574, ¶ 17, 21 (Keough, A.J., concurring).

{¶31} Additionally, Maddox's argument that he did not receive the anticipated and recommended 21-month sentence is not a valid argument to warrant this court to determine that his sentence is contrary to law. A sentence is contrary to law if (1) the sentence falls outside the statutory range for the particular degree of offense, or (2) the

trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

**{¶32}** In this case, the sentence is within the statutory range and the record clearly reflects that the trial court considered the purposes and principles of felony sentencing set forth in R.C. 2929.11 and 2929.12. Furthermore, under our review of the facts and circumstances of the case, we find that the record supports the sentence. Maddox's second assignment of error is overruled.

**{¶33}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN T. GALLAGHER, J., and

MELODY J. STEWART, J., CONCUR