[Cite as *State v. Rivera*, 2018-Ohio-262.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104549**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# GERALDO RIVERA

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-598641-A

**BEFORE:** Celebrezze, J., E.T. Gallagher, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** January 25, 2018

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 670218
Northfield, Ohio 44067


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:   Mary McGrath
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendant-appellant, Geraldo Rivera ("appellant"), brings this appeal challenging the trial court's sentence for rape. Specifically, appellant argues that the trial court erred by imposing the maximum 11-year sentence on the rape count. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶2} In Cuyahoga C.P. No. CR-15-598641-A, the Cuyahoga County Grand Jury returned a three-count indictment on September 14, 2015, charging appellant with (1) rape, a first-degree felony in violation of R.C. 2907.02(A)(2), (2) kidnapping, a first-degree felony in violation of R.C. 2905.01(A)(4) with a sexual motivation specification, and (3) unlawful sexual conduct with a minor, a third-degree felony in violation of R.C. 2907.04(A) with a furthermore specification.[1] Appellant was arraigned on September 17, 2015. He pled not guilty to the indictment.

{¶3} The parties reached a plea agreement. On February 4, 2016, appellant pled guilty to rape as charged in Count 1 of the indictment. Counts 2 and 3 were nolled. The trial court ordered a presentence investigation report ("PSI") and set the matter for sentencing.

{¶4} On March 31, 2016, the trial court held a sentencing hearing. The trial court

---

[1] The furthermore specification alleged that the offender is at least four years older than the person with whom he engaged in sexual conduct and the offender is ten or more years older than the victim.

sentenced appellant to a prison term of 11 years on the rape count. The trial court found appellant to be a Tier III sex offender/child offender and reviewed appellant's registration and reporting requirements.

{¶5} On June 1, 2016, appellant filed a pro se notice of appeal and a motion for leave to file a delayed appeal. On June 9, 2016, this court granted appellant's pro se motion for leave and appointed appellate counsel to represent appellant.

{¶6} The state filed a notice of conceded error pursuant to App.R. 16(B) on February 13, 2017. On February 17, 2017, appellant filed a motion for voluntary dismissal in which he asserted that although the state conceded that the trial court failed to comply with Crim.R. 11, "[a]ppellant waives such error and wishes to dismiss this appeal so that his negotiated plea in the [trial court] will not be vacated." On February 22, 2017, this court granted appellant's motion for voluntary dismissal and dismissed the appeal.

{¶7} On July 13, 2017, appellant, pro se, filed a motion to reinstate the appeal and a motion for appointment of counsel. The state opposed appellant's motion. On July 25, 2017, this court granted appellant's motion to reinstate the appeal and appointed appellate counsel to represent appellant.

{¶8} In this appeal, appellant challenges the trial court's 11-year prison sentence. He assigns one error for review:

> I. The trial court erred by imposing the maximum sentence and failing to make the required findings under R.C. 2929.11 and R.C. 2929.12.

**II. Law and Analysis**

**{¶9}** In his sole assignment of error, appellant argues that the trial court erred by imposing the maximum 11-year sentence for his rape conviction.

**{¶10}** This court reviews felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16. R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may increase, reduce, or modify a sentence, or it may vacate and remand the matter for resentencing, only if we clearly and convincingly find that either the record does not support the sentencing court's statutory findings or the sentence is contrary to law. *State v. Martin*, 8th Dist. Cuyahoga No. 104354, 2017-Ohio-99, ¶ 7. A sentence is contrary to law if the sentence falls outside the statutory range for the particular degree of offense or the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 10, citing *State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

**{¶11}** In the instant matter, appellant argues that the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11, and the seriousness and recidivism factors set forth in R.C. 2929.12. Regarding R.C. 2929.11, appellant argues that the trial court "did not specifically use the language from [R.C. 2929.11]," nor "specify why a lesser sentence would not adequately protect the public and punish [him]." Appellant's brief at 6. Regarding R.C. 2929.12, appellant argues that the trial court "did not give a specific analysis as to its consideration of the statutory

factors in R.C. 2929.12." Appellant's brief at 6. Appellant's arguments are misplaced.

**{¶12}** Although the trial court must consider the principles and purposes of sentencing, as well as any mitigating factors, R.C. 2929.11 and 2929.12 are not fact-finding statutes. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11. The trial court is not required to use particular language nor make specific findings on the record regarding its consideration of those factors. *Id.*; *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31. In fact, consideration of the factors in R.C. 2929.11 and 2929.12 is presumed unless the defendant affirmatively shows otherwise. *Keith* at *id.* This court has held that a trial court's statement in its sentencing journal entry that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12. *State v. Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, ¶ 37.

**{¶13}** In the instant matter, the trial court's sentencing journal entry provides, in relevant part, "the court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11." Aside from this notation in the sentencing entry, the record reflects that the trial court did, in fact, consider both R.C. 2929.11 and 2929.12 when sentencing appellant.

**{¶14}** During the sentencing hearing, the trial court indicated that it reviewed appellant's PSI. The trial court stated that it considered the information presented by defense counsel, appellant's sister, appellant, and the prosecution. Furthermore, the trial court confirmed that it considered "the principles and purposes of felony sentencing,

[and] the appropriate recidivism and seriousness factors." (Tr. 25.)

{¶15} The trial court considered the harm that appellant caused to the victim and the entire family. The trial court emphasized that appellant's conduct tore the family apart. The trial court explained that "the harm is so great in this matter, it's very difficult for the [c]ourt to mitigate the potential sentence. It's very difficult." (Tr. 28.) Regarding the relevant mitigating factors, the trial court acknowledged that appellant accepted responsibility for his actions, and commended him for expressing more concern about his child than his own situation.

{¶16} Accordingly, we find no merit to appellant's assertion that the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12.

{¶17} Appellant further contends that the trial court failed to "state the factors that it considered when it decided to impose the maximum sentence." Appellant's brief at 6. Appellant's argument is misplaced.

{¶18} Contrary to appellant's assertion, trial courts are no longer required to give findings prior to imposing a maximum sentence. *State v. Maddox*, 8th Dist. Cuyahoga No. 105140, 2017-Ohio-8061, ¶ 30. "That requirement was removed by *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and not revived by the Ohio General Assembly." *Maddox* at *id.*, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 1. Accordingly, the trial court was not required to make any findings nor specify the factors based upon which it imposed the maximum sentence.

**{¶19}** Finally, appellant contends that the maximum 11-year prison sentence is clearly and convincingly contrary to law. We disagree.

**{¶20}** As noted above, a sentence is contrary to law if it falls outside of the permissible statutory range or the trial court failed to consider the sentencing factors under R.C. 2929.11 and 2929.12. Here, the 11-year prison sentence is within the permissible statutory range under R.C. 2929.14(A)(1) for first-degree felonies, and the record reflects that the trial court considered the R.C. 2929.11 and 2929.12 factors at sentencing. Furthermore, after review, we find that the record supports the maximum 11-year prison sentence.

**{¶21}** During the sentencing hearing, the prosecution advised the trial court that appellant and the victim were brother and sister, the victim was 13 years old at the time of the incident, and that the victim indicated that appellant forcibly raped her. The victim found out that she was pregnant and she was not allowed to get an abortion due to religious beliefs. The victim gave birth to a child with down syndrome. The victim advised the prosecutor that this incident has "ruined her life," and she wanted appellant to receive the maximum sentence. (Tr. 21-22.)

**{¶22}** For all of the foregoing reasons, appellant's sole assignment of error is overruled.

### III. Conclusion

**{¶23}** After thoroughly reviewing the record, we affirm the maximum 11-year prison sentence imposed on the rape count. The trial court's sentence is not contrary to

law, and the court was not required to make any findings or state its reasons for imposing the maximum sentence.

**{¶24}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

EILEEN T. GALLAGHER, P.J., and
LARRY A. JONES, SR., J., CONCUR