[Cite as *Cleveland v. Brown*, 2019-Ohio-4457.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF CLEVELAND,  :

    Plaintiff-Appellee,  :

                    Nos. 107939 and 108145

v.  :

GRAIG A. BROWN,  :

    Defendant-Appellant.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 31, 2019

---

Criminal Appeal from the Cleveland Municipal Court Housing Division
Case No. 2015 CRB 016131

---

### *Appearances:*

Barbara A. Langhenry, Cleveland Director of Law, and Kortney Mosley, Assistant Director of Law, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Graig Brown, appeals from the trial court's judgment that found him guilty of failing to furnish a certificate of disclosure in violation of Cleveland Codified Ordinances ("Cleveland Cod. Ord.") 367.12(c) and

sentenced him to 180 days in jail, five years of community control, and a $1,000 fine. Finding no merit to Brown's appeal, we affirm.

## I. Background

{¶ 2} In July 2015, Brown was charged with two counts of failing to furnish a certificate of disclosure in connection with the transfer of property located at 3333 East 142nd Street, Cleveland, Ohio, in violation of Cleveland Cod. Ord. 367.12(c).

{¶ 3} On October 29, 2018, Brown appeared before the Housing Court and entered a plea of no contest to one count of failing to furnish the required certificate of disclosure; the other count was dismissed. The court found Brown guilty and conditioned his release upon the posting of a $5,000 bond and GPS monitoring. Brown was unable to post bond, and the case was set for sentencing three days later on November 1, 2018.

{¶ 4} At the sentencing hearing, defense counsel moved to withdraw Brown's no contest plea. The trial court held a hearing on the motion to withdraw and then denied the motion. After hearing from a housing court specialist, members of the community, and counsel, the trial court sentenced Brown to 180 days in jail, five years of active community control, and a $1,000 fine. This appeal followed.

## II. Law and Analysis

### A. Motion to Withdraw No Contest Plea

{¶ 5} Immediately prior to sentencing, defense counsel informed the trial court that Brown wanted to withdraw his no contest plea. Counsel said that Brown felt his plea was a "rush to judgment," he had not had an opportunity to properly

review all of the discovery in the case prior to pleading no contest, and "quite frankly, he only took the plea so he could get out of jail, and that didn't happen." (Nov. 1, 2018, tr. 2.) Counsel also argued that some of Brown's signatures on various documents attached to the presentence-investigation report had "different variation[s]" that counsel asserted "raise[d] the issue of did Mr. Brown actually sign this deed or did someone else perpetrate Mr. Brown's signature." (Tr. 8.) Counsel contended that the motion to withdraw the no contest plea was timely because Brown had entered his plea only a few days earlier.

{¶ 6} After a hearing, the trial court denied Brown's motion. In his first assignment of error, Brown contends that the trial court abused its discretion in denying his motion to withdraw his plea.

{¶ 7} Under Crim.R. 32.1, "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."

{¶ 8} In general, a presentence motion to withdraw a plea should be "freely and liberally" granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). It is well established, however, that a defendant does not have an absolute right to withdraw a plea prior to sentencing. *Id.* at paragraph one of the syllabus. "A trial court must conduct a hearing to determine whether there is a reasonable legitimate basis for the withdrawal of the plea." *Id.*

{¶ 9} The decision to grant or deny a presentence motion to withdraw is within the trial court's discretion. *Id.* at paragraph two of the syllabus. Absent an abuse of discretion, the trial court's decision must be affirmed. *Id.* at 527. An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). A trial court does not abuse its discretion in denying a motion to withdraw the plea where a defendant was (1) represented by competent counsel, (2) given a full Crim.R. 11 hearing before he entered the plea, (3) given a complete hearing on the motion to withdraw, and (4) the record reflects that the court gave full and fair consideration to the plea withdrawal request. *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), paragraph three of the syllabus.

{¶ 10} Brown contends that the trial court abused its discretion in denying his motion because counsel was "unprepared" at the plea hearing. Specifically, Brown contends that defense counsel did not review "pertinent documents" until after the hearing. The record demonstrates otherwise. At the plea hearing, prior to accepting Brown's plea, the court provided Brown and defense counsel with a copy of the complaint, and then paused the hearing while they both reviewed it. (Oct. 29, 2018, tr. 6.) Although Brown complains that neither he nor defense counsel reviewed other "pertinent documents" before he entered his plea, the only factual issue relevant to Brown's innocence was whether he signed the deed that transferred the property at issue without the requisite certificate of transfer. At the plea hearing, both Brown and defense counsel reviewed the deed, and defense counsel confirmed

that the signature on the deed was in fact Brown's signature. (*Id.* at tr. 9.) Thus, it is apparent that both Brown and his counsel reviewed the documents pertinent to his plea before Brown entered his plea.

{¶ 11} Although Brown does not explicitly raise an ineffective assistance of counsel claim, his assertion that counsel was "unprepared" at the plea hearing suggests such a claim. However, where a defendant challenges trial counsel's performance in connection with a plea, the defendant must meet the test for ineffective assistance of counsel. *Xie*, 62 Ohio St.3d at 524, 584 N.E.2d 715. This requires the defendant to demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced the defense. *State v. Maddox*, 98 N.E.3d 1158, 2017-Ohio-8061, ¶ 20 (8th Dist.), citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The defendant can establish the prejudice necessary for an ineffective assistance of counsel claim only by demonstrating a reasonable probability that but for counsel's deficient performance, he would not have pleaded to the offense and would have insisted on going to trial. *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11. Brown makes no such showing, much less even an assertion that he would not have pleaded no contest had counsel reviewed documents other than the complaint and the deed prior to his plea. Accordingly, on this record, we find that Brown was represented by competent counsel.

{¶ 12} Likewise, the record reflects that Brown was given a full hearing in compliance with Crim.R. 11 before he entered his plea. At the plea hearing, the court

inquired of Brown regarding whether he understood the charges against him and the possible maximum penalties; Brown affirmed that he understood. The court also advised Brown of the effect of his plea and of the rights he was waiving by pleading no contest. Brown acknowledged that he understood those rights, and stated that he was entering his no contest plea of his own free will.

{¶ 13} The record further demonstrates that the trial court gave Brown a complete and impartial hearing on his presentence motion to withdraw his plea, and gave full consideration to the arguments raised by defense counsel in support of the motion. The court first considered Brown's assertion that his motion to withdraw was timely because the plea had been entered only a few days earlier. In rejecting this argument, the court noted that it normally takes three to four weeks to complete a presentence investigation report in housing court, but because Brown had not been able to post his bond, the court had asked that the report be expedited so sentencing could be completed on the scheduled date, which was only three days after the plea hearing. Accordingly, the court found that it had made "extraordinary efforts to be fair to Mr. Brown," and that in light of the court's extraordinary efforts, Brown's motion to withdraw his plea was not made in a reasonable time. We find no error in the trial court's conclusion.

{¶ 14} The court also heard argument from Brown's counsel that the plea should be withdrawn because Brown was not able to review discovery prior to entering his plea. Specifically, counsel argued that he (counsel) realized upon reviewing documents provided with the presentence-investigation report that some

of Brown's signatures on the documents had "different variation[s]," which purportedly "raise[d] the issue of did Mr. Brown actually sign this deed or did someone else perpetrate Mr. Brown's signature in the court." (Nov. 1, 2018, tr. 8.)

{¶ 15} In response, the prosecutor noted that the documents referred to by defense counsel were used in the creation of the presentence report but not in the city's proffer of evidence in the case. Of the documents proffered by the city at the plea hearing, the prosecutor acknowledged that Brown's signature was on the deed for the property at issue, and Brown's brother Derek's signature was on a separate document. The prosecutor pointed out that "the signatures look different because they are different, because they're different people." (*Id.* at tr. 9.) Because the only factual issue regarding Brown's innocence related to whether he signed the deed that transferred the property, and Brown acknowledged before entering his plea that it was in fact his signature on the deed, the trial court properly concluded that alleged "variations" in Brown's signature on unrelated documents did not create an issue of fact regarding Brown's innocence.

{¶ 16} Moreover, when faced with a claim of innocence, "the trial judge must determine whether the claim is anything more than the defendant's change of heart about the plea agreement." *State v. Minifee*, 8th Dist. Cuyahoga No. 99202, 2013-Ohio-3146, ¶ 2. Our review of the record demonstrates that Brown merely had a change of heart regarding his plea. Indeed, counsel acknowledged to the trial court that "quite frankly," Brown wanted to withdraw his plea because he had expected to be released from jail upon entering his plea and that did not happen. A mere change

of heart regarding a plea is insufficient justification for the withdrawal of a plea. *Maddox*, 2017-Ohio-8061 at ¶ 18. Likewise, a defendant's protestations of innocence are not sufficient grounds for vacating a plea that was voluntarily, knowingly, and intelligently entered. *Id.*, citing *Minifee* at ¶ 27.

{¶ 17} We find no abuse of discretion in the trial court's decision to deny Brown's motion to withdraw his plea. Brown's arguments at the hearing on his motion and his arguments on appeal are not sufficient to warrant the withdrawal of his knowing, voluntary, and intelligent plea. The first assignment of error is therefore overruled.

## B. A Maximum Sentence

{¶ 18} In his second assignment of error, Brown contends that his sentence should be vacated because the trial court erred in sentencing him to the maximum sentence for a first-degree misdemeanor: 180 days in jail, five years of active community control, and a $1,000 fine. Brown contends that his sentence was excessive because his conduct relating to a single count of failing to provide the appropriate certificate of disclosure was not "sufficiently egregious" to warrant a maximum sentence. He further contends that the trial court erred in considering other charges of which he had not been convicted when it sentenced him. Brown's arguments have no merit.

{¶ 19} This court reviews misdemeanor sentences for an abuse of discretion. *Lakewood v. Bretzfelder*, 8th Dist. Cuyahoga No. 98925, 2013-Ohio-4477, ¶ 35.

{¶ 20} When sentencing an offender for a misdemeanor offense, a trial court must consider the principles and purposes of misdemeanor sentencing set forth in R.C. 2929.21: to protect the public from future crime by the offender and others and to punish the offender.

{¶ 21} The trial court must also consider the misdemeanor sentencing factors set forth in R.C. 2929.22(B). These factors are (1) the nature and circumstances of the offense; (2) whether the circumstances of the offense indicate that the offender has a history of persistent criminal activity and there is a substantial risk the offender will commit another offense; (3) whether the offender's history, character and condition reveal a substantial risk that the offender will be a danger to others; (4) whether the victim was particularly vulnerable to the offense; and (5) whether the offender is likely to commit future crimes in general. A court may also consider "any other factors that are relevant to achieving the purposes and principles of sentencing set forth in section 2929.21 of the Revised Code." R.C. 2929.22(B)(2).

{¶ 22} A violation of Cleveland Cod. Ord. 367.12(c) is a first-degree misdemeanor. Cleveland Cod. Ord. 367.99(c). In sentencing Brown to the maximum sentence for a first-degree misdemeanor, the trial court reviewed Brown's history of egregious behavior with respect to his tenants. Specifically, the court reviewed a judgment entry from the United States District Court for the Northern District of Ohio in which Brown and others had been found guilty of violating state and federal fair housing laws with respect to their landlord-tenant activities in

Cleveland. The trial court noted that the federal court had concluded that Brown and his bother Derek had "engaged in a pattern of practice of renting to female tenants under leases based upon their perception that such tenants are more easily intimidated and susceptible to threats." (Nov. 1, 2018, tr. 16.) They then "repeatedly locked tenants out of their apartments without cause and without following statutory eviction procedures, trespassed in the apartments of locked-out tenants, stole tenants' rental payments, [and] security deposits," and "repeatedly threatened their tenants with physical harm to obtain rent payments or other benefits." (*Id.* at tr. 18.) The trial court noted further that the federal court had concluded that Brown and his brother had evaded the judgments issued against them by multiple courts by continually transferring real property between their corporations and limited liability companies. (*Id.* at tr. 17.)

{¶ 23} The trial court also reviewed several cases pending against Brown in housing court, including one in which Brown had rented a property to a tenant even though the property had been condemned, and another in which the court had issued an injunction against Brown to keep him from interfering with a tenant's utilities but despite the injunction, Brown had "superglued" the locks to the tenant's home shut. (*Id.* at tr. 18-19.) The court also reviewed the details of Cuyahoga C.P. No. CR-16-607512, in which Brown had pleaded guilty to assault, noting that Brown had gone to one of his tenant's houses, and when she came to the door, had attacked her with a baseball bat, told her to "get the f--- out of my house," and then ran down the driveway with the electric meter in his hand. (*Id.* at tr. 19.)

{¶ 24} In sentencing Brown, the trial court stated that it was "taking all of these factors into consideration in my sentence in this case." (*Id.* at tr. 20.) The court noted that although this case involved a single count of transferring property without the appropriate certificate of disclosure, "it's all part and parcel of Mr. Brown's business dealings." *Id.*

{¶ 25} Despite Brown's contention that the trial court erred in considering his other crimes when it sentenced him in this case, it is well established that evidence of other crimes, including crimes that may never result in criminal charges being pursued, may be considered at sentencing. *State v. Bryant*, 8th Dist. Cuyahoga No. 99039, 2013-Ohio-3239, ¶ 21, citing *Mt. Vernon v. Hayes*, 5th Dist. Knox No. 09-CA-00007, 2009-Ohio-6819, ¶ 54.

{¶ 26} We find no error in the trial court's consideration of other civil or criminal cases involving Brown. Brown's history of unscrupulous business dealings in the cases considered by the trial court was relevant to the nature and circumstances of the offense in this case — which likewise involved unscrupulous behavior by Brown in a business dealing — Brown's character, and the likelihood that he will commit future offenses. *See* R.C. 2929.22(B). It was also directly relevant to the trial court's statutory duty to impose a sentence that would appropriately punish Brown while protecting the public from any future crime. R.C. 2929.21.

{¶ 27} In light of Brown's extensive criminal history relating to his business dealings, the trial court did not abuse its discretion in finding that even though this

case involved a single offense, a maximum sentence was necessary to punish Brown and protect the public. The second assignment of error is therefore overruled.

### C. Motion for Jail-Time Credit

{¶ 28} After sentencing, Brown filed a motion for jail-time credit, asserting that he was entitled to 124 days of presentence jail-time credit as of sentencing on November 1, 2018. In his motion, Brown asserted that he was held in jail from June 23, 2016 through June 28, 2016 (5 days); February 3, 2017 through April 5, 2017 (61 days);[1] and September 4, 2018 through November 1, 2018 (58 days), a total of 124 days. Brown conceded that he was arrested on warrants in Cuyahoga C.P. No. CR-16-607512, involving a charge of felonious assault pending before the common pleas court on June 23, 2016, February 3, 2017, and September 4, 2018, but asserted that he was held in jail during these time periods on both the felony charge pending before the common pleas court and the charges in this case because the housing court had also issued warrants for his arrest. Thus, he contended that he was entitled to jail-time credit in this case for 124 days.

{¶ 29} The trial court granted the motion in part and denied it in part. The court denied the motion regarding 114 of the 124 days, finding that Brown's confinement for these days was on the unrelated felony charge in the common pleas court. The trial court found, however, that the felony case was resolved on October

---

[1] The docket in Cuyahoga C.P. No. CR-16-607512 demonstrates that Brown was not in jail during this entire period. The docket reflects that Brown was jailed from February 3, 2017 to March 2, 2017, and March 22, 2017 to April 5, 2017, for a total of 43 days.

23, 2018, and that Brown was sentenced in this case on November 1, 2018. Thus, the trial court granted the motion for jail-time credit in this case for the 10 days after the felony case was completed. In his third assignment of error, Brown contends that the trial court erred in not granting him credit for all 124 days.

{¶ 30} The practice of awarding jail-time credit has its roots in the Equal Protection Clauses of the United States and Ohio Constitutions. *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 38. Ohio has long awarded offenders jail-time credit at sentencing for the time they were confined while awaiting trial in order to equalize the treatment of those who could afford bail with those who could not. *State v. Hargrove*, 1st Dist. Hamilton No. C-120321, 2013-Ohio-1860, ¶ 5.

{¶ 31} This principle of equal treatment is codified in R.C. 2967.191 for offenders sentenced to prison, and in R.C. 2949.08 for offenders sentenced to jail. *Id.* at ¶ 6. Under both statutes, an offender is entitled to have the sentence reduced by the number of days he or she was confined prior to conviction. Both statutes require a sentence to be reduced by the total number of days an offender was confined "for any reason arising out of the offense" for which the offender was convicted and sentenced. R.C. 2967.191 and 2949.08(C)(1).

{¶ 32} The trial court makes the factual determination as to the number of days of confinement that a defendant is entitled to have credited toward his sentence. *State ex rel. Rankin v. Ohio Adult Parole Auth.*, 98 Ohio St.3d 476, 2003-Ohio-2061, 786 N.E.2d 1286, ¶ 7.

{¶ 33} In *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶ 7, the Ohio Supreme Court held that when a defendant is sentenced to concurrent prison terms for multiple charges, jail-time credit must be applied toward each concurrent prison term. *Id.* at the syllabus. Despite the Supreme Court's holding in *Fugate*, however, this court and others have found that an offender is not entitled to jail-time credit for any period of incarceration that arose from facts that are separate and apart from those on which his current sentence is based. *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, at ¶ 41, citing *State v. DeMarco*, 8th Dist. Cuyahoga No. 96605, 2011-Ohio-5187, ¶ 10; *State v. Edmonds*, 12th Dist. Warren No. CA2014-03-045, 2015-Ohio-2733, ¶ 12; *State v. Chasteen*, 12th Dist. Butler No. CA2013-11-204, 2014-Ohio-3780, ¶ 11; *State v. Rios*, 2d Dist. Clark No. 10CA0059, 2011-Ohio-4720, ¶ 53; *State v. Smith*, 71 Ohio App.3d 302, 304, 593 N.E.2d 402 (10th Dist.1992). "This means that there is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter." *Maddox* at *id.*, citing *State v. Cook*, 7th Dist. Mahoning No. 00 CA 184, 2002-Ohio-7170, ¶ 17.

{¶ 34} In this case, the other matter upon which Brown was held in jail at the same time he was held on the housing court charge — the felonious assault charge in CR-16-607512 pending before the common pleas court — did not arise from the same facts that gave rise to the failure-to-furnish-a-certificate-of-disclosure charges in housing court. They were separate, unrelated matters. Even had the housing court charges been dismissed, Brown would have continued to be held in jail on the

felonious assault charge. Thus, because the time Brown spent in jail awaiting trial on the felonious assault charge did not arise from the same facts on which his sentence for failure to provide a certificate of disclosure is based, Brown was not entitled to jail-time credit against the sentence imposed on the unrelated charge of failure to provide a certificate of disclosure. *See, e.g., Rios* at ¶ 58 (defendant not entitled to jail-time credit on a vandalism charge, even though the time the defendant spent in jail on that charge overlapped with time the defendant spent in jail awaiting trial on a capital murder charge, because the vandalism charge was unrelated to the capital murder charge).

{¶ 35} Accordingly, we find that the trial court properly denied jail-time credit in this case for the time that Brown was held in jail awaiting trial on the unrelated felonious assault charge. That case was resolved on October 23, 2018, however, and Brown continued to be held in jail until November 1, 2018, when he was sentenced in this case. Because Brown served 10 days in jail from October 23 until November 1 on this case, the trial court properly credited him with the 10 days he served. The third assignment of error is therefore overruled.

{¶ 36} Affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court, Housing Division, to carry this judgment into execution.

The defendant's conviction having been affirmed, any bail pending is terminated.

Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

MARY EILEEN KILBANE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR