[Cite as *State v. Alexander*, 2016-Ohio-5707.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103754**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DERRICE M. ALEXANDER

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-586418-A

**BEFORE:**   McCormack, J., Jones, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   September 8, 2016

**ATTORNEY FOR APPELLANT**

David P. Kraus
19333 Van Aken Blvd.
Suite 112
Cleveland, OH 44122


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:   Mahmoud S. Awadallah
Aleksandra B. Chojnacki
Assistant County Prosecutors
9th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

{¶1} Defendant-appellant Derrice Alexander appeals from the judgment of the Cuyahoga County Court of Common Pleas that sentenced him to 30 years for involuntary manslaughter, felonious assault, endangering children, domestic violence, having a weapon while under disability, and improperly discharging into a habitation. The convictions stemmed from a shooting incident where Alexander fired a shot at his girlfriend's apartment during a heated argument and the bullet pierced the window and struck their two-year-old son, killing him. Alexander pleaded guilty to six offenses. Immediately before sentencing, he moved the court to withdraw his plea. The trial court denied his motion and sentenced him to the maximum end of the sentencing range proposed in the plea agreement. After a careful review of the record and applicable law, we conclude the trial court did not abuse its discretion in denying Alexander's motion to withdraw his guilty plea and affirm his conviction.

{¶2} In the early morning of June 10, 2014, Alexander, 24, and his girlfriend Louise Dawson had an argument. As the argument escalated, Alexander decided to leave. Before he left, he told her he needed to take his gun with him. After he retrieved the gun, Alexander and Dawson exchanged more heated words. As Alexander walked out of the apartment, he said to Dawson that he's going to "shoot this bitch up." After exiting the apartment, Alexander again yelled to Dawson from outside: "I got you, bitch," to which Dawson responded: "bitch, you ain't got shit." Dawson then saw Alexander waving his gun around. Soon after, he fired a shot at the front window. The

bullet pierced the window and struck their two-year-old son, Derrice Alexander Jr., who at that moment was coming down the stairs from upstairs. His son died later from bleeding from the gun wound.

{¶3} Alexander was subsequently indicted for six counts: murder, an unclassified felony, endangering children, domestic violence, felonious assault of Louise Dawson, having a weapon while under disability, and improperly discharging into a habitation. The murder and felonious counts were accompanied with one- and three-year firearm specifications, notice of prior conviction, and repeat violent offender specifications. The notice of prior conviction and repeat violent offender specification stemmed from a 2011 attempted felonious assault and felonious assault conviction for which Alexander served time but ultimately received a judicial release.

{¶4} The prosecutor and Alexander's counsel subsequently negotiated a plea deal. Under the plea agreement, Alexander would plead guilty to all charges in the indictment except for murder, which would be reduced to involuntary manslaughter. Further, there was a stipulation that none of the offenses were allied offenses. Under the terms of the plea agreement, the total term of prison for the six counts he pleaded guilty to would range from 15 years to 30 years. The court held a plea hearing and accepted the guilty plea.

{¶5} At the scheduled sentencing hearing a month later, Alexander's counsel orally moved the court to withdraw the guilty plea on Alexander's behalf. After a hearing over the motion, the trial court denied it and the matter proceeded to sentencing.

The court sentenced Alexander to ten years for involuntary manslaughter; eight years for felonious assault of Dawson; three years of firearm specifications each on those two offenses; three years for endangering children; and three years for having weapons under disability, all to be served consecutively. The court also imposed six months on domestic violence and two years on improperly discharging into a habitation, to be served concurrently with the other counts. Alexander now appeals.

{¶6} On appeal, Alexander raises two assignments of error. Under the first assignment of error, he challenges the trial court's denial of his presentence motion to withdraw the guilty plea.

{¶7} Crim.R. 32.1 governs withdrawals of guilty pleas. It states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Generally, a presentence motion to withdraw a guilty plea should be freely granted. *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). A defendant, however, does not have an absolute right to withdraw a guilty plea prior to sentencing. The trial court is to hold a hearing in order to determine whether there is a "reasonable and legitimate" basis for the withdrawal of the plea. *Id.* The decision whether to grant or deny a motion to withdraw a guilty plea is entirely within the sound discretion of the trial court, and we will not alter the trial court's decision absent a showing of an abuse of that discretion. *Xie* at paragraph two of the syllabus.

**{¶8}** A trial court does not abuse its discretion in denying a motion to withdraw a guilty plea where: (1) the defendant was represented by highly competent counsel; (2) the defendant was afforded a full hearing pursuant to Crim.R. 11, before he entered the plea; (3) the defendant was given a complete and impartial hearing on the motion to withdraw the plea; and (4) the record reveals that the court gave full and fair consideration to the plea withdrawal request. *State v. Stokes*, 8th Dist. Cuyahoga No. 88939, 2007-Ohio-5063, ¶ 14, citing *State v. Peterseim*, 68 Ohio App.2d 211, 214, 428 N.E.2d 863 (8th Dist.1980). The courts have in addition considered factors such as whether the motion was made timely; whether the motion states specific reasons for withdrawal; whether the defendant understood the nature of the charges and the possible penalties; and whether the defendant was perhaps not guilty or had a complete defense, or whether the state would suffer prejudice if the defendant is allowed to withdraw the plea. *State v. Benson*, 8th Dist. Cuyahoga No. 83718, 2004-Ohio-1677, ¶ 9; *State v. Sellers*, 10th Dist. Franklin No. 07AP-76, 2007-Ohio-4523, ¶ 34.

**{¶9}** Here, the record demonstrates that Alexander was represented by highly competent counsel at his plea. Counsel negotiated a plea agreement that resulted in the murder charge being reduced to involuntary manslaughter. When asked by the trial court at the plea hearing, Alexander confirmed he was satisfied with counsel's performance. At the hearing over the motion to withdraw, the trial court emphasized it found his counsel to be highly competent.

**{¶10}** Next, our review of the plea hearing reflects that the trial court engaged Alexander in a thorough colloquy under Crim.R. 11, explaining to Alexander each of the constitutional rights he would be waiving by pleading guilty. The court described each offense he was pleading guilty to and the penalties for each offense. At no time did Alexander indicate he did not understand what he was advised of by the trial court. The trial court found that Alexander understood the nature of the charges, the effect of the guilty plea, and the possible penalties, and that he made a knowing, intelligent, and voluntary decision to enter the plea.

**{¶11}** When a trial court adheres to Crim.R. 11, a presumption is raised that a plea is voluntarily entered. *State v. Spence*, 8th Dist. Cuyahoga No. 54880, 1989 Ohio App. LEXIS 167, 2 (Jan. 19, 1989). The defendant seeking to withdraw the plea has the burden of rebutting that presumption by demonstrating that the plea is infirm. *State v. Hall*, 8th Dist. Cuyahoga No. 55289, 1989 Ohio App. LEXIS 1602 (Apr. 27, 1989). Furthermore, the motion to withdraw a plea must first make a prima facie showing of merit before the trial court need devote considerable time to it. *Hall* at 2, citing *United States v. Navarro-Flores,* 628 F.2d 1178, 1183 (9th Cir.1980); *United States v. Dabdoub-Diaz,* 599 F.2d 96, 100 (5th Cir.1979). The scope of the hearing on a defendant's motion to withdraw a plea should reflect the substantive merit of the motion; bold assertions without evidentiary support simply does not merit the scrutiny that substantiated allegations would merit. *Hall* at 2-3. The scope of the hearing is within

the sound discretion of the trial court. *State v. Bosby*, 8th Dist. Cuyahoga No. 94466, 2011-Ohio-599, ¶ 10.

{¶12} Here, when inquired of by the trial court as to the reason for his request to withdraw the plea, Alexander was unable to articulate any specific reason for his request, stating:

> I was asking to take back my plea because I feel as if it's — the charges that I plead guilty to, some of the charges — I take full responsibility for what happened to my son, but the charges, the other charges, *I feel as if I didn't do.*

(Emphasis added.)

{¶13} In response to Alexander's vague denial of committing some of the offenses, the trial court recalled its thorough Crim.R. 11 colloquy at the plea hearing and noted that the plea agreement was the result of extensive plea negotiations between the state and the defense. Given that Alexander was unable to provide any reasonable and legitimate basis for his withdrawal to rebut the presumption that his plea had been knowing and voluntary, we find the hearing to be complete and impartial, reflective of the motion's relative merit, and conclude the trial court had given full and fair consideration to Alexander's request, in comport with the requirement of due process. The first assignment of error is overruled.

{¶14} Under the second assignment of error, Alexander claims he was denied the Sixth Amendment right to counsel regarding his motion to withdraw his guilty plea.

To succeed on an ineffective assistance of counsel claim, Alexander must show that counsel's performance fell below an objective standard of reasonableness and the deficient performance was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A defendant can show prejudice only if there is "a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraph three of the syllabus.

{¶15} Alexander argues that, because his counsel expressed a disagreement over his interest to withdraw his guilty plea, he was essentially "abandoned" by counsel at the hearing. He claims that the "conflict of interest" between his counsel and him precluded the trial court from denying his motion to withdraw.

{¶16} Our review of the record reflects that immediately before his sentencing hearing, Alexander's counsel informed the court that Alexander wished to withdraw his guilty plea, although he had advised Alexander against it. Counsel stated:

> Before he speaks, let me just indicate for the record, it was my intention to go forward with sentencing today. It was my intention to file a sentencing memorandum on his behalf. I was not able to do that because its contrary to this interest my client has expressed to me.
> In addition, Your Honor, I believe that my client has an interest in withdrawing his plea. I have advised against that. I wholeheartedly believe that he should not be withdrawing his plea today, and I hope that as I speak to you now he's considering it and perhaps may not.

Later, counsel added:

Judge, you know, so you are aware, I'm in a difficult position. I don't want to be in this dispute with my client. I don't think that's appropriate. I want to fight on his behalf. Your honor, I want — if the Court is not inclined to grant his motion for a trial and withdrawal of his plea, then I'd like to have a few minutes to get prepared to argue zealously on his behalf.

On this record, we do not find Alexander "abandoned" by counsel. *State v. Drake*, 8th Dist. Cuyahoga No. 93761, 2010-Ohio-1065, ¶ 7 (although counsel expressed a disagreement over whether the defendant should withdraw his guilty plea, counsel did not abandon his client as counsel attended and participated in the hearing).

**{¶17}** Furthermore, a defendant claiming his counsel fails to act on his request to withdraw his plea is deemed to have received ineffective assistance of counsel only where the possibility that he would have been allowed to withdraw the plea is not insubstantial. *State v. Strutton,* 62 Ohio App.3d 248, 252, 575 N.E.2d 466 (2d Dist.1998). *See also State v. Jones*, 8th Dist. Cuyahoga Nos. 68284, 68285, 68286, 68287, 68288, 1995 Ohio App. LEXIS 3463 (Aug. 24, 1995). In other words, where counsel disagrees with his client's wish to withdraw a plea, a defendant must demonstrate prejudice in order to prevail on an ineffective-assistance-of-counsel claim.

**{¶18}** Here, although counsel disagreed with Alexander's attempt to withdraw the guilty plea, counsel did move the court to withdraw the guilty plea on his client's behalf and also indicated to the court that he would zealously argue to support the motion.

More importantly, because Alexander could not articulate a reasonable or legitimate basis for the withdrawal of his plea, there was little possibility that he would been allowed to withdraw his plea. Therefore, Alexander fails to demonstrate that, but for his counsel's actions, the outcome of the hearing to withdraw the guilty plea would have been different. Applying *Strickland*, we reject Alexander's claim of ineffective assistance of counsel. The second assignment of error is without merit.

{¶19} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., A.J., and
SEAN C. GALLAGHER, J., CONCUR