[Cite as *State v. Coffman*, 2022-Ohio-217.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 21-COA-015 |
| | : | |
| ERIC D. COFFMAN | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Ashland County Court
of Common Pleas, Case No. 21-CRI-
082

JUDGMENT:                         AFFIRMED

DATE OF JUDGMENT ENTRY:           January 27, 2022

APPEARANCES:

For Plaintiff-Appellee:                   For Defendant-Appellant:

CHRISTOPHER R. TUNNELL             MATTHEW J. MALONE
ASHLAND COUNTY PROSECUTOR         The Law Offices of Matthew J. Malone, LLC
110 Cottage St.                    10 East Main Street
Ashland, OH 44805                  Ashland, OH 44805

*Delaney, J.*

{¶1} Defendant-Appellant Eric D. Coffman appeals the July 21, 2021 sentencing entry of the Ashland County Court of Common Pleas. Plaintiff-Appellee is the State of Ohio.

**STATEMENT OF THE CASE[1]**

{¶2} On April 12, 2021, the Ashland Police Department filed a complaint against Defendant-Appellant Eric D. Coffman with the Ashland County Court of Common Pleas, alleging one count of Domestic Violence, a third-degree felony in violation of R.C. 2919.25(A) and 2919.25(D)(4). A preliminary hearing was held on April 21, 2021, where the magistrate determined there was probable cause to bind the case over to the Ashland County Grand Jury. The Bill of Information was filed on April 30, 2021.

{¶3} Prior to presentment to the grand jury, Coffman entered into a negotiated plea agreement whereby he entered a guilty plea to the sole count in the Bill of Information. The State reserved the right to speak at sentencing. The matter came on for a change of plea hearing on May 25, 2021, where the trial court conducted the plea colloquy. Coffman was notified that the sanction for third-degree felony ranged from nine months to a maximum of 36 months, with a fine of up to $10,000. Coffman was on post release control at the time of the offense. The trial court informed Coffman that he had 781 days remaining of post release control supervision, so it could impose a maximum of 781 days as a prison PRC sanction consecutive to the felony prison sentence. After the plea colloquy, the trial court found Coffman had knowingly, voluntarily, and intelligently waived his constitutional rights and Coffman entered a plea of guilty to Count One in the

---

[1] A statement of the underlying facts is not necessary for the disposition of this appeal.

Bill of Information, the offense of domestic violence. The trial court accepted Coffman's guilty plea and entered a finding of guilty.

{¶4} The trial court ordered a presentence investigation and set the matter for a sentencing hearing on July 19, 2021. After considering the statutory sentencing factors and the presentence investigation report, the trial court sentenced Coffman to serve 18 months in prison for the offense of domestic violence, with credit for 99 days served on the new felony offense. The trial court also revoked Coffman's post release control and imposed an additional 24-month prison sentence for violation of post release control supervision, to be served consecutively with the felony prison sentence. The aggregate prison term was 42 months. Coffman was also ordered to pay court costs. The sentence was journalized via sentencing entry filed on July 21, 2021.

{¶5} Appellate counsel for Coffman has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), rehearing den., 388 U.S. 924, indicating the within appeal is wholly frivolous.

{¶6} In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record which could arguably support the appeal. *Id.* Counsel also must: (1) furnish the client with a copy of the brief and request to withdraw; and (2) allow the client sufficient time to raise any matters the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines the appeal

is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶7} Via Judgment Entry filed October 22, 2021, this Court found Counsel had filed an *Anders* brief and had served Coffman with the brief. The judgment entry advised Coffman he "may file a pro se brief in support of the appeal on or before November 15, 2021." A copy of the judgment entry was served on Coffman via Certified U.S. Mail at Allen-Oakwood Correctional Institution.

{¶8}   Coffman has not filed a pro se brief.

{¶9} We find Coffman's counsel has adequately followed the procedures required by *Anders*.

## ANALYSIS

{¶10} Coffman's counsel has filed a brief identifying three arguably meritorious issues in the record: (1) whether the trial court complied with Criminal Rule 11 before accepting Appellant's guilty plea; (2) whether the sentence imposed on Appellant for the new felony offense was clearly and convincingly contrary to law; and (3) whether the trial court erred by revoking Appellant's post-release control and imposing an additional consecutive prison term.

## I.

{¶11} In his first proposed Assignment of Error, Coffman asks whether the trial court complied with Crim.R. 11 before accepting his guilty plea.

{¶12} "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders

enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Hurt*, 5th Dist. Muskingum No. CT2019-0053, 2020-Ohio-2754, 2020 WL 2120071, ¶ 17 quoting *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7 quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards." *State v. Moore*, 4th Dist. Adams No. 13CA965, 2014-Ohio-3024, 2014 WL 3359226, ¶ 13.

{¶13} To ensure that pleas conform to these high standards, the trial judge must engage the defendant in a colloquy before accepting his or her plea. *See State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115 (1981), paragraph one of the syllabus; Crim.R. 11(C), (D), and (E). It follows that, in conducting this colloquy, the trial judge must convey accurate information to the defendant so that the defendant can understand the consequences of his or her decision and enter a valid plea. *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 26. If a defendant receives the proper information, a reviewing court "can ordinarily assume that he understands that information." *State v. Carter*, 60 Ohio St.2d 34, 38, 396 N.E.2d 757 (1979).

{¶14} Before accepting a guilty plea in a felony case, a trial court must address the defendant personally and determine that "the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing." Crim.R. 11(C)(2)(a). The court must also inform the defendant of both the constitutional and nonconstitutional rights he

is waiving and determine that he "understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence." Crim.R. 11(C)(2)(b). Finally, the court must determine that the defendant understands that he "is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself." Crim.R. 11(C)(2)(c). Strict compliance with Crim.R. 11(C)(2)(c) is required because constitutional rights are involved. "However, failure to [literally comply] will not necessarily invalidate a plea.

{¶15} "The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." *Veney* at ¶ 18 quoting *State v. Ballard*, 66 Ohio St.2d 473, 479–480, 423 N.E.2d 115 (1981). When a trial court complies with Crim.R. 11(C)(2) in accepting a plea, there is a presumption that the defendant's plea was knowingly, intelligently, and voluntarily made. *State v. Montanez*, 8th Dist. Cuyahoga No. 108093, 2020-Ohio-1023, 2020 WL 1310343, ¶ 8 citing *State v. Alexander*, 8th Dist. Cuyahoga No. 103754, 2016-Ohio-5707, ¶ 11; *State v. Murray*, 12th Dist. Brown No. CA2015-12-029, 2016-Ohio-4994, ¶ 20.

{¶16} Upon our review of the change of plea hearing and the trial court's plea colloquy, we find the trial court strictly complied with the requirements of Crim.R. 11. The record shows Coffman understood and answered the trial court's questions. As an example of the trial court's thoroughness, when it reviewed the negotiated plea

agreement with Coffman, it discovered an error where the parties referred to optional post release control, rather than mandatory due to the offense of violence. The trial court corrected the error on the record and explained to Coffman how the error related to the required imposition of post release control.

{¶17} The record in this case shows the trial court's compliance with Crim.R. 11 and supports the trial court's determination that Coffman's plea was knowingly, intelligently, and voluntarily made.

{¶18} Coffman's first proposed Assignment of Error is overruled.

## II.

{¶19} In his second proposed Assignment of Error, Coffman contends there was an error in sentencing.

{¶20} R.C. 2953.08 governs appeals based on felony sentencing guidelines. Subsection (G)(2) sets forth this Court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶21} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶22} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, ¶ 90 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶23} Here, Coffman's sentence is not contrary to law, and we find that his sentence is within the statutory range for a third-degree felony. This Court is therefore without authority to disturb Coffman's sentence absent a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 and 2929.12.

{¶24} The trial court stated during the sentencing hearing that it considered the presentence investigation report and the statutory sentencing factors. Coffman had been previously convicted of domestic violence, assault, and aggravated menacing. He was on post release control for a conviction of domestic violence when he committed another offense of domestic violence.

{¶25} Coffman's second proposed Assignment of Error is overruled.

### III.

{¶26} In his third proposed Assignment of Error, Coffman contends the trial court erred when it revoked Coffman's post release control and imposing an additional, consecutive prison term.

{¶27} In *State v. Bishop*, 156 Ohio St.3d 156, 2018-Ohio-5132, 124 N.E.3d 766, the Ohio Supreme Court held a trial court must inform a defendant who is on post release control and is pleading guilty to a new felony offense of the trial court's authority to revoke the defendant's post release control and impose a prison term consecutively to any term of imprisonment it imposes for that new felony offense. *State v. Krouskoupf*, 5th Dist. Muskingum No. CT2018-0020, 2019-Ohio-806, 2019 WL 1076877, ¶ 9.

{¶28} A majority of the Ohio Supreme Court found,

Crim.R. 11(C)(2)(a) requires a trial court to advise a criminal defendant on post-release control for a prior felony, during his plea hearing in a new felony case, of the trial court's authority under R.C. 2929.141 to terminate the defendant's existing post-release control and to impose a consecutive prison sentence for the post-release-control violation.

*Bishop,* 2018-Ohio-5132, ¶ 21.

{¶29} Upon our review of the change of plea hearing, we find the trial court informed Coffman there was a potential post release control prison sanction in this case. The trial court stated during the change of plea hearing that Coffman was subject to a separate consecutive sentence for his post release control violation:

> * * * [T]here is 781 days of PRC Supervision time remaining, * * * I could impose a prison sentence, a PRC prison sanction up to a maximum of 781 days in the case, do you understand that?
>
> * * *
>
> Okay. So in worst case scenario, because that PRC Sanction is required by law to be served consecutive to any prison sanction, do you understand that the worst case scenario, aggregate prison sentence can be 36 months plus 781 days, so you are looking at at [sic] least five years and some change at that point between the two aggregated consecutively?

(Change of Plea Hrg., T. 18-19).

{¶30} We find the trial court complied with the requirements of *State v. Bishop* and R.C. 2929.141 when it informed Coffman of the time remaining on his post release control and that the court would be imposing the remaining time as a post release control prison sanction to be served consecutively to his prison sentence for the new felony offense.

**CONCLUSION**

{¶31} After independently reviewing the record and considering the issues raised in the brief filed by Appellate counsel, we agree with Counsel's conclusion that no arguably meritorious claim exists upon which to base an appeal.

{¶32} Hence, we find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the Ashland County Court of Common Pleas.

By: Delaney, J.,

Wise, John, P.J. and

Wise, Earle, J., concur.