[Cite as *State v. Hughley*, 2022-Ohio-943.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

                                         No. 110309

v.                                       :

TERRY HUGHLEY,                           :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 24, 2022

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-19-638562-A, CR-19-644034-B, and CR-19-645778-E

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Amanda Hall and Thomas Rovita, Assistant Prosecuting Attorneys, *for appellee*.

Cullen Sweeney, Cuyahoga County Public Defender, and Michael V. Wilhelm, Assistant Public Defender, *for appellant*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Terry Hughley ("Hughley"), appeals the denial of his motion to withdraw guilty plea and his sentence in three separate cases. For the reasons set forth below, we affirm.

**Procedural History**

{¶ 2} Hughley was first indicted on April 25, 2019, along with three codefendants, in a 17-count indictment. Hughley's charges included three counts of first-degree felony drug trafficking: Count 1, cocaine in an amount equal to or exceeding 100 grams; Count 3, heroin in an amount equal to or exceeding 100 grams; and Count 5, fentanyl in an amount that exceeds 50 grams but is less than 100 grams. Hughley was also charged with three first-degree felony drug possession charges for the same amounts and types of drugs. One-year gun specifications, major drug offender ("MDO") specifications, and schoolyard proximity specifications were attached to all of the first-degree felony trafficking and possession charges. Hughley was also charged with several lower-level drug possession charges as well as a charge of possession of criminal tools.

{¶ 3} Hughley was subsequently indicted on September 26, 2019, and charged with a felony five, receiving stolen property for possessing a stolen gun. Finally, Hughley was indicted on November 13, 2019, along with four codefendants, for additional drug and gun-related charges. Hughley was charged with two counts of having a weapon while under disability, felonies of the third degree, and one count of permitting drug abuse, a felony of the fifth degree.

{¶ 4} On October 6, 2020, the case came before the trial court for a negotiated plea deal. Hughley's regular counsel was unavailable for medical reasons, but an attorney was present to assist Hughley during the hearing. In the first case, Hughley pled guilty to the three counts of first-degree felony trafficking.

On Count 1, the state deleted the MDO specification, and amended the weight of cocaine from greater than or equal to 100 grams, to greater than or equal to 27 grams but less than 100 grams. On Count 3, the state deleted the one-year firearm specification, the MDO specification, and the schoolyard specification. The state also amended the amount of heroin from greater than or equal to 100 grams to greater than or equal to 50 grams but less than 100 grams. On Count 5, the state deleted the one-year firearm specification and amended the amount of fentanyl to greater than or equal to 10 grams but less than 20 grams. Hughley also pled guilty to Count 13, felony five possession of criminal tools. The state dismissed the remaining charges.

{¶ 5} In the second case, in exchange for a plea of guilty, the state offered to amend the felony of the fifth degree receiving stolen property by adding the attempt statute, making it a misdemeanor of the first degree.

{¶ 6} In the third case, the state offered to amend one count of having a weapon while under disability by adding the attempt statute, making it a felony of the fifth degree, and Hughley would plead guilty as charged to permitting drug abuse.

{¶ 7} Further the parties agreed that the sentence would be one year on the firearm specification, consecutive to five years on the remaining charges, which the parties agreed would be a range of five years to seven and one-half years under R.C. 2967.271 (the Reagan Tokes Law).

{¶ 8} The trial court questioned Hughley to ensure he understood the plea. Hughley indicated that he had completed 11th grade and had obtained a GED later. He relayed that he served in the United States Marine Corp. Hughley also averred that he was satisfied with the representation of his lawyer and understood the plea offer. Hughley did indicate that he was taking medication but informed the court that it did not impair his ability to think. The trial court judge then proceeded to review the recommended sentence with Hughley and informed him that she was inclined to impose the recommended sentence. Hughley entered a plea of guilty to the charges as amended. The case was continued for sentencing on October 28, 2020.

{¶ 9} Sentencing, however, did not occur until January 25, 2021. Hughley requested one continuance due to a family member's illness, and the docket reflects three additional date changes, no reason specified. On one occasion, Hughley failed to appear. At sentencing, his attorney averred that Hughley was in the hospital on that date. Two weeks prior to sentencing, on January 11, 2021, Hughley filed a motion to withdraw his guilty plea. In the motion, defense counsel alleged that Hughley was terminally ill and that "in recent weeks" she had become concerned that Hughley's illness, along with COVID 19 restrictions, had impacted his brain functioning and decision-making skills. Counsel also requested that Hughley be evaluated for competence.

{¶ 10} The trial court addressed Hughley's motion to withdraw first. Hughley's regular counsel was present for the hearing. Although she was not

present for the plea hearing, counsel averred the trial court complied with Crim.R. 11. Further, she stated that all discovery had been received, reviewed, and discussed with Hughley prior to the plea. She then reiterated the assertions in her motion with respect to Hughley's mental health; however, counsel did not orally renew the request for a competency evaluation. Counsel did not request to put Hughley on the witness stand.

**{¶ 11}** The state, in response, argued that the issue raised by the defense motion was whether the plea was properly taken. The state argued that Hughley's subsequent incompetence was irrelevant. The trial court denied the motion to withdraw the guilty plea and proceeded to sentencing.

**{¶ 12}** Prior to issuing its sentence, the trial court noted a presentence investigation was not requested because there was an agreed sentence. The trial court added that after sentencing Hughley's codefendants, the court was sufficiently aware of the facts to proceed with sentencing. The trial court asked to hear from the parties. The state requested that the trial court adhere to the plea agreement, even though Hughley had been charged with a new case in the interim and technically the state was not required to honor the plea agreement.

**{¶ 13}** When given an opportunity to speak, Hughley initially denied any involvement, saying he used drugs but didn't sell them. When reminded that the trial court had denied his motion to withdraw his plea, Hughley acknowledged that he had agreed to plead and would take responsibility for his actions.

{¶ 14} The trial court preceded to sentence Hughley as follows: on Count 1, one-year on the firearm specification to be served prior to and consecutive to a term of five to seven and one-half years in jail; on Count 3, five to seven and one-half years; on Count 5, five to seven and one-half years and on Count 13, 12 months to run concurrently for an aggregate sentence of six to eight and one-half years.

{¶ 15} Hughley assigns the following errors for our review.

### Assignment of Error No. 1

The trial court abused its discretion when it denied the appellant's motion to withdraw his guilty plea and did not conduct a full and fair hearing.

### Assignment of Error No. 2

The indefinite sentencing scheme set forth in the Reagan Tokes Law and imposed by the trial court in this case violates the federal and state constitutions.

{¶ 16} In his first assignment of error, Hughley argues that the trial court abused its discretion when it denied his motion to withdraw his guilty plea. In the instant case, Hughley argues that the court abused its discretion because his motion was timely, listed specific reasons for withdrawal, and that the state has not alleged it would have been prejudiced by the withdrawal of plea. Hughley further argues that he was not given an opportunity to speak at the hearing to explain why he wished to withdraw his plea.

{¶ 17} We begin by noting that the decision to grant or deny a presentence request to withdraw a plea falls within the sound discretion of the trial court. *State v. Maddox*, 2017-Ohio-8061, 98 N.E.3d 1158, ¶ 17 (8th Dist.), citing *State v. Xie*, 62

Ohio St.3d 521, 527, 584 N.E.2d 715 (1992), at paragraph two of the syllabus. A court does not abuse its discretion when denying a motion to withdraw a guilty plea:

> (1) where the accused is represented by highly competent counsel, (2) where the accused was afforded a full hearing, pursuant to Crim.R. 11, before he entered the plea, (3) when, after the motion to withdraw is filed, the accused is given a complete and impartial hearing on the motion, and (4) where the record reveals that the court gave full and fair consideration to the plea withdrawal request.

*Id.* at ¶ 10, quoting *State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980), at paragraph three of the syllabus.

{¶ 18} Courts have also recognized other factors to consider when deciding whether a court abused its discretion in denying a presentence motion to withdraw a plea, including: "5) whether the motion was made timely; 6) whether the motion states specific reasons for withdrawal; 7) whether the defendant understood the nature of the charges and the possible penalties; 8) whether the defendant was perhaps not guilty or had a complete defense, and 9) whether the state would suffer prejudice if the defendant is allowed to withdraw a plea." *State v. Hines*, 8th Dist. Cuyahoga No. 108326, 2020-Ohio-663, ¶ 10, citing *State v. Benson*, 8th Dist. Cuyahoga No. 83178, 2004-Ohio-1677, ¶ 9; *State v. Sellers*, 10th Dist. Franklin No. 07AP-76, 2007-Ohio-4523, ¶ 34; *State v. Moore*, 8th Dist. Cuyahoga No. 98132, 2012-Ohio-5734, ¶ 13.

{¶ 19} With respect to the first factor, the record reflects that Hughley was represented by highly competent counsel. Hughley faced three indictments and a total of fourteen counts. His attorney negotiated a plea to seven counts with

significant reductions of the charges. Further, Hughley averred that he was satisfied with the representation of his lawyer.

**{¶ 20}** With respect to the second factor, the trial court engaged in a comprehensive Crim.R. 11 colloquy. The trial court reviewed with Hughley each of the constitutional rights he would be waiving if he pled guilty. Further, the trial court reviewed Hughley's educational level, his understanding of the charges against him and the plea agreement, the effects, if any, of any medication he was taking, and whether he was promised or pressured into entering a plea. Moreover, defense counsel confirmed compliance with Crim.R. 11.

**{¶ 21}** We have found that "[w]hen a trial court complies with Crim.R. 11(C)(2) in accepting a plea, there is a presumption that the defendant's plea was knowingly, intelligently and voluntarily made." *State v. Davner*, 2017-Ohio-8862, 100 N.E.3d 1247, ¶ 44 (8th Dist.). Furthermore, a defendant seeking to withdraw his plea may rebut that presumption by demonstrating that the plea was infirm. *Id.* citing *State v. Alexander*, 8th Dist. Cuyahoga No. 103754, 2016-Ohio-5707, ¶ 11, citing *State v. Hall,* 8th Dist. Cuyahoga No. 55289, 1989 Ohio App. LEXIS 1602 (Apr. 27, 1989).

**{¶ 22}** In the instant case, Hughley raised the issue of his competency as a basis to challenge whether his plea was knowingly, intelligently, and voluntarily made. Specifically, counsel feared that Hughley was no longer competent due to his terminal illness and COVID 19 restrictions. However, the motion was not filed until January 11, 2021, almost four months after the plea was taken and the motion

averred that these concerns arose in "recent weeks." Notably, counsel did not indicate any concerns about Hughley's competence at or before the time the plea was taken.

**{¶ 23}** This court has previously held that the standard used to determine whether a person is competent to enter a plea is the same standard to determine that person's competence to stand trial. *State v. Leonard*, 8th Dist. Cuyahoga No. 86310, 2006-Ohio-1943, ¶ 7. The standard questions whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding — and whether he has a rational as well as factual understanding of the proceedings against him." *Id.*, citing *Dusky v. United States* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). Further, "[a] defendant is presumed competent to stand trial unless it is established that he is unable to understand the nature and objective of the proceedings or cannot assist in his defense." *State v. McClendon*, 8th Dist. Cuyahoga No. 103202, 2016-Ohio-2630, ¶ 17.

**{¶ 24}** Prior to the acceptance of the plea, the trial court engaged in a comprehensive discussion with Hughley regarding his level of education, his understanding of the charges against him, and his understanding of the plea deal. Hughley engaged with the trial court as if he understood the questions he was being asked. Furthermore, he told the court that he understood the charges, the plea deal being offered, and the agreed-upon sentence.

**{¶ 25}** The record supports Hughley was competent to enter a valid plea. There is no indication that he was unable to consult with an attorney, at and/or prior

to the hearing, or that he did not have a rational or factual understanding of the proceedings.

{¶ 26} The third factor addresses whether the trial court conducted a complete and impartial hearing on the motion to withdraw the guilty plea. Hughley argues that he was never given an opportunity to testify and present his reasons for wanting to withdraw his plea on the record. However, Hughley was represented by counsel, and counsel elected not to call Hughley to speak.

{¶ 27} As we have noted, the scope of a motion to withdraw plea hearing is in the sound discretion of the trial court. *State v. Paulino*, 8th Dist. Cuyahoga No. 104198, 2017-Ohio-15, ¶ 13. The hearing "must comport with the minimum standards of due process, i.e., meaningful notice and opportunity to be heard." *State v. Robinson*, 8th Dist. Cuyahoga No. 89651, 2008-Ohio-4866, ¶ 23. Further, the hearing should reflect the substantive merit of the motion itself. *Id.*

{¶ 28} In the instant case, the trial court allowed Hughley's counsel to be heard first. Counsel elected to orally argue the motion and did not elect to put Hughley on the witness stand to testify. The state similarly argued their motion. Based on the arguments, the trial court elected to deny the motion to withdraw the plea. As Hughley's motion merely relayed counsel's concern as to his competency and the existence of potential defenses to his charges, we cannot say the trial court abused its discretion in failing to inquire more deeply into the matter or for denying the motion. Furthermore, the record reflects that the trial court did give full consideration to Hughley's desire to withdraw the plea. Based on the argument of

counsel, and her recollection of the plea hearing, the trial court determined there was an insufficient basis to warrant granting the motion.

{¶ 29} The record convinces us that the trial court did not abuse its discretion when it denied Hughley's motion to withdraw his guilty plea. Moreover, the record supports a conclusion that Hughley merely experienced a change of heart. As we will discuss further below, this is insufficient basis to grant a motion to withdraw a plea.

{¶ 30} Now let us briefly examine the remaining factors, i.e., a) whether the motion was timely filed, b) whether the motion states specific reasons for withdrawal, c) whether the defendant understood the nature of the charges and the possible penalties, d) whether the defendant was perhaps not guilty or had a complete defense, and e) whether the state would suffer prejudice if the defendant was allowed to withdraw his pleas.

{¶ 31} The motion was timely filed and did list specific reasons for withdrawal; however, as we have noted, one of those reasons, Hughley's incompetence, was not supported by the record. The other reason Hughley raised was the existence of possible defenses. However, Hughley did not specify these defenses in his motion. We conclude that the decision to request withdrawal of the plea was a mere change of heart.

{¶ 32} Hughley was clearly aware of the charges against him, the plea deal, and the recommended sentence if he entered a plea. Further, Hughley's counsel represented that she had received and reviewed the discovery with him. Hughley

has not averred that he became aware of new defenses after he entered his plea. This, coupled with the trial court's review of the rights Hughley waived on entering a guilty plea, leads us to conclude that Hughley entered his plea knowing that he had defenses but electing to plead anyway. The substantial gap between the date of his plea and the sentencing hearing led to a change of heart. As we have noted, "[a] mere change of heart regarding a guilty plea and the possible sentence is insufficient justification for the withdrawal of a guilty plea." *Maddox*, 2017-Ohio-8061, 98 N.E.3d 1158, at ¶ 18, citing *Ohio v. Westley*, 8th Dist. Cuyahoga No. 97650, 2012-Ohio-3571, citing *State v. Drake*, 73 Ohio App.3d 640, 645, 598 N.E.2d 115 (8th Dist.1991).

{¶ 33} Finally, there is no indication that the state would have been prejudiced if the trial court had granted the motion to withdraw the plea. The state may have been inconvenienced, but the state did not allege they would have been prejudiced.

{¶ 34} However, looking at the totality of the circumstances, the trial court did not abuse its discretion in rejecting Hughley's request to withdraw his plea.

{¶ 35} Accordingly, we overrule the first assignment of error.

{¶ 36} In his second assignment of error, Hughley challenges the constitutionality of his sentence under R.C. 2967.271, the Reagan Tokes Law. Hughley argues that the statute violates the Sixth Amendment to the United States Constitution's right to a jury trial and the separation-of-powers doctrine.

{¶ 37} These issues have recently been addressed by this court and accordingly, Hughley's arguments are overruled pursuant to this court's en banc holding in *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470, which overruled challenges similar to those presented in this appeal to the Reagan Tokes Law.

{¶ 38} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

EMANUELLA D. GROVES, JUDGE

SEAN C. GALLAGHER, A.J., and
LISA B. FORBES, J., CONCUR

N.B. Judge Emanuella D. Groves concurred with the opinions of Judge Lisa B. Forbes (dissenting) and Judge Anita Laster Mays (concurring in part and dissenting in part) in *Delvallie* and would have found the Reagan Tokes Law unconstitutional.

Judge Lisa B. Forbes is constrained to apply *Delvallie*. For a full explanation, *see State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470 (Forbes, J., dissenting).