[Cite as *State v. Spargrove*, 2022-Ohio-980.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| JOHN J. SPARGROVE, II | : | Case No. CT2021-0045 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:            Appeal from the Court of Common
                                    Pleas, Case No. CR2021-0174


JUDGMENT:                           Affirmed


DATE OF JUDGMENT:                   March 24, 2022


APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

RONALD L. WELCH                            CARTER A. BROWN
TAYLOR P. BENNINGTON                       59 North Fourth Street
27 North Fifth Street                      P.O. Box 488
P.O. Box 189                               Zanesville, OH  43702-0488
Zanesville, OH  43701

*Wise, Earle, P.J.*

{¶ 1}   Defendant-Appellant, John J. Spargrove, II, appeals his August 13, 2021 conviction and sentence from the Court of Common Pleas of Muskingum County, Ohio. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 8, 2021, the Muskingum County Grand Jury indicted appellant on one count of receiving stolen property in violation of R.C. 2913.51.  On June 9, 2021, appellant pled guilty as charged.  By entry filed August 13, 2021, the trial court sentenced appellant to fifteen months in prison.

{¶ 3}   On August 19, 2021, appellant filed a notice of appeal.  Appellant received court-appointed counsel.  On November 8, 2021, appellant's appellate counsel filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  Appellate counsel has properly followed the procedures required by *Anders*.

{¶ 4}   On November 19, 2021, this court filed a judgment entry notifying appellant of the *Anders* filing and gave him the opportunity to file a pro se brief by December 30, 2021.  The judgment entry was served on appellant via certified mail at Lake Erie Correctional Institution.  Appellant has not filed a pro se brief.

{¶ 5}   This matter is now before this court for consideration.

{¶ 6}   In *Anders*, the Supreme Court of the United States held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then counsel should so advise the court and request permission to withdraw.  *Anders* at 744.  Counsel must accompany his/her request with a brief

identifying anything in the record that could arguably support the defendant's appeal. *Id.* Counsel also must: (1) furnish the defendant with a copy of the brief and request to withdraw; and, (2) allow the defendant sufficient time to raise any matters that the defendant chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant the counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶ 7} Appellate counsel's brief lists the following assignments of error:

I

{¶ 8} "THERE IS NO NONFRIVOLOUS ISSUE REGARDING APPELLANT'S ASSISTANCE OF EFFECTIVE LEGAL COUNSEL."

II

{¶ 9} "THERE IS NO NONFRIVOLOUS ISSUE REGARDING APPELLANT'S GUILTY PLEA."

III

{¶ 10} "THERE IS NO NONFRIVOLOUS ISSUE REGARDING APPELLANT'S SENTENCE."

I, II, III

{¶ 11} In the listed assignments of error, appellate counsel suggests there are "no nonfrivolous issues" regarding the assistance of effective legal counsel, appellant's guilty plea, and appellant's sentence.

ASSISTANCE OF EFFECTIVE LEGAL COUNSEL

{¶ 12} The standard this issue must be measured against is set out in *State v. Bradley,* 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.  Appellant must establish the following:

2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance.  (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.

{¶ 13} In the *Anders* brief at 8, appellate counsel states, "there are simply no facts in the record that would support an argument that Appellant was not provided adequate representation."  We agree.  A complete review of the record does not show any deficiency by trial counsel.  June 9, 2021 Plea Hearing Transcript; August 11, 2021 Sentencing Hearing Transcript.

## GUILTY PLEA

{¶ 14} In accepting a guilty plea, the trial court must determine the plea is made knowingly, intelligently, and voluntarily.  In order to ensure the plea is so made, the trial court must engage the defendant in a plea colloquy pursuant to Crim.R. 11.  " 'An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards.' "  *State v. Coffman,* 5th Dist. Ashland No. 21-COA-015, 2022-Ohio-217, ¶ 12, quoting *State v. Moore*, 4th Dist. Adams No. 13CA965, 2014-Ohio-3024, ¶ 13.

{¶ 15} In the *Anders* brief at 9, appellate counsel states, "there is nothing in the record to indicate that the Trial Court deviated at all from the Crim R. 11 plea colloquy." We agree.  A complete review of the record demonstrates the trial court complied with Crim.R. 11 and thoroughly informed appellant of his constitutional rights and the consequences of his guilty plea.  June 9, 2021 T. at 4-9.  Throughout the plea colloquy, appellant stated he understood his rights and agreed to waive those rights.

## SENTENCE

{¶ 16} This court reviews felony sentences using the standard of review set forth in R.C. 2953.08.  *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. Subsection (G)(2) sets forth this court's standard of review as follows:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 17} "Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford,* 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus.

{¶ 18} "A sentence is not clearly and convincingly contrary to law where the trial court 'considers the principles and purposes of R.C. 2929.11, as well as the factors listed

in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range.' " *State v. Morris*, 5th Dist. Ashland No. 20-COA-015, 2021-Ohio-2646, ¶ 90, quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

{¶ 19} There is no dispute that the fifteen month sentence on the fourth degree felony conviction for receiving stolen property is within the statutory range (six to eighteen months). R.C. 2929.14(A)(4). In addition, the trial court considered the factors under R.C. 2929.11 and 2929.12. August 11, 2021 T. at 6. The sentence imposed is not clearly and convincingly contrary to law.

{¶ 20} After independently reviewing the record, we agree with appellate counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. We therefore find the appeal to be wholly frivolous under *Anders*, grant counsel's request to withdraw, and affirm the judgment of the trial court.

{¶ 21} The judgment of the Court of Common Pleas of Muskingum County, Ohio, is hereby affirmed.

By Wise, Earle, P.J.

Delaney, J. and

Baldwin, J. concur.

EEW/db